Sale DJOUMASSI, Petitioner,

v.

Eric H. HOLDER, Jr., United States
Attorney General,* Respondent.

No. 07–5179–ag.

United States Court of Appeals,
Second Circuit.

Oct. 30, 2009.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Genet Getachew, Brooklyn, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Leslie McKay, Assistant Director, Gregory M. Kelch, Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: WALKER, GUIDO CALABRESI, and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

### I. Background

Petitioner Sale Djoumassi, an alleged native and citizen of the Central African Republic, seeks review of an October 30, 2007, order of the Board of Immigration Appeals ("BIA"), affirming the immigration judge's ("IJ") denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"), and the IJ's finding that his applications were frivolous. We assume the parties' familiarity with the underlying facts and procedural history of the case.

### II. Discussion

When, as here, the BIA affirms the IJ's adverse credibility finding, relying on aspects of the IJ's decision and not rejecting any of the grounds for that decision, this court reviews both the BIA's and IJ's opinions. *Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). More specifically, this court "review[s] the IJ's decision including the portions not explicitly discussed by the BIA." *Id.* We review the agency's find-

ings of fact, including adverse credibility determinations, under the substantial evidence standard; they are treated as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008).

## A. Adverse Credibility Determination

■ The agency's adverse credibility determination is supported by substantial evidence. Djoumassi claimed that he feared persecution as a result of his family's involvement in the Movement for the Liberation of the Central African People ("MLPC"). However, the IJ's findings regarding Djoumassi's lack of knowledge regarding the MLPC are supported by the record. Djoumassi could not explain why he had a membership booklet from 1996 when he did not join the MLPC until 1998, and he was unable to explain for what the party's initials stood. *See Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 157 (2d Cir.2006).

Given that Djoumassi testified that he grew up hearing his father speak about the MLPC and had attended party meetings, it was reasonable for the IJ to fail to credit his claim that he lacked information about the political party because of his lack of education. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Djoumassi's allegation that there is no proof that the number "1996" on the booklet is a date is belied by the record. Indeed, Djoumassi submitted the document as an "Original MLPC Membership Card of 1996," and testified that the card was issued in 1996. As we have previously held, when the IJ makes an adverse credibility determination "based on specific examples in the record of inconsistent statements ... about matters material to [the petitioner's] claim of persecution, or on contradictory evidence

or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Id.* at 79–80 (internal quotation marks omitted).

■ Djoumassi's challenge to the IJ's reliance on discrepancies between his testimony and the testimony of his witness, Sylain Yakizi, is without merit. The IJ determined that Djoumassi's testimony was incredible because he had submitted false evidence through a witness affidavit and witness testimony. The IJ's findings that Djoumassi and Yakizi did not know each other, and that Yakizi was providing false testimony on Djoumassi's behalf, are supported by the record. The IJ relied on multiple inconsistencies in testimony regarding family relationships, who made the arrangements for Yakizi to meet Djoumassi, and how well the men's families knew each other in the Central African Republic. *See Yan v. Mukasey,* 509 F.3d 63, 66–68 (2d Cir.2007) (per curiam).

Yakizi testified that he could not recall the date of Djoumassi's arrival and that the date in his affidavit likely had been provided by Djoumassi. "[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence." *Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007). "The IJ may does not benefit from corroboration or authentication independent of the petitioner's own credibility." *Id.* (emphasis omitted).

■ Djoumassi argues that the IJ failed to cite specific incidents of evasiveness. However, because the adverse credibility determination is supported by overwhelming evidence, even absent the evasiveness finding, remand on this basis would be futile and is therefore not appropriate. *Chen,* 434 F.3d at 161 ("[A]n error does

not require a remand if the remand would be pointless because it is clear that the agency would adhere to its prior decision in the absence of error.").

## B.  Frivolousness Finding

■ The Immigration and Nationality Act provides that when "the Attorney General determines that an alien has knowingly made a frivolous application for asylum and the alien has received the [required] notice . . . , the alien shall be permanently ineligible for any benefits." 8 U.S.C. § 1158(d)(6). In making such a finding, the BIA requires:

> (1) notice to the alien of the consequences of filing a frivolous application; (2) a specific finding by the Immigration Judge or the Board that the alien knowingly filed a frivolous application; (3) sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated; and (4) an indication that the alien has been afforded sufficient opportunity to account for any discrepancies or implausible aspects of the claim.

*Yang v. Gonzales,* 496 F.3d 268, 275 (2d Cir.2007) (quoting *In re Y–L–,* 24 I. & N. Dec. 151, 155 (B.I.A.2007)).

■ Djoumassi argues that the IJ did not sufficiently address the issue of frivolousness, as distinct from the issue of credibility. Although the Government contends that review of the frivolousness determination is barred because Djoumassi failed to exhaust the claim, we deem the claim exhausted because the BIA expressly addressed the determination. *See Waldron v. INS,* 17 F.3d 511, 515 n. 7 (2d Cir.1993).

As we have observed, " 'a finding of frivolousness does not flow automatically from an adverse credibility determination.' " *Liu v. U.S. Dep't of Justice,* 455 F.3d 106, 113 (2d Cir.2006) (quoting *Muhanna v. Gonzales,* 399 F.3d 582, 589 (3d Cir.2005)); *see also Scheerer v. U.S. Att'y Gen.,* 445 F.3d 1311, 1317 (11th Cir.2006) ("[A]n adverse credibility determination alone cannot support a finding of frivolousness."). The BIA noted and confirmed this rule in *Y–L–,* 24 I. & N. Dec. at 156–57.

The IJ in this case rendered his decision in December 2005, well before *Y–L–* was issued in April of 2007, and thus did not have the benefit of "standards for deciding when an asylum application may be found to be frivolous" established by the BIA in that case. *Id.* at 151–52. Thus, although the IJ made specific findings to support the adverse credibility finding, we cannot conclude on the record before us that the IJ met all the requirements for a finding of frivolousness, as set out by *Y–L–.* The BIA's decision, which was rendered shortly after *Y–L–,* affirmed the IJ's frivolousness finding without any citation to *Y–L–* or to the standards it set forth.

## C.  One–Year Bar Finding and Abandonment of CAT Claim

Djoumassi contends that the IJ erred by finding that his asylum application was not filed within one year of his arrival in the United States as required under 8 U.S.C. § 1158(a)(2)(B). Because the IJ denied the asylum application on the merits, this issue is not properly before this court. *See Gao v. BIA,* 482 F.3d 122, 127 (2d Cir.2007) (holding that appellate review is confined "to the reasons given by the agency"). Additionally, we find that Djoumassi has abandoned any challenge to the agency's denial of relief under the CAT by failing to address that claim in his brief to this court. *See Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005) (citing *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998)).

### III. Conclusion

For the foregoing reasons, we **DENY** the petition for review with respect to the IJ's adverse credibility ruling, we **GRANT** the petition for review with respect to the finding of frivolousness, and we **VACATE** that finding and **REMAND** the case to the BIA for further proceedings consistent with this order.